O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCUS THOMAS, | ) | CASE NO. CV 12-1987 JSL (RZ) |
|         Petitioner, | )<br>)<br>) | MEMORANDUM AND ORDER:<br>(1)  DENYING REQUEST FOR<br>      EXTENSION OF TIME; and |
|    v. | ) | (2)  SUMMARILY DISMISSING |
| PEOPLE, | )<br>) |       ACTION FOR LACK OF<br>      JURISDICTION |
|         Respondent. | ) | |

The Court will dismiss this matter for lack of subject matter jurisdiction.

On March 8, 2012, the Court received a document from Marcus Thomas, a state inmate, requesting an extension of the one-year limitations period that ordinarily applies in a federal action by a state prisoner seeking a writ of habeas corpus. *See* 28 U.S.C. § 2244(d). The would-be Petitioner has no currently-pending action in which to make an extension motion, however, and he has filed no actual petition or any other documents so as to commence one. Because he has not properly initiated a "case" or "controversy," the Court lacks subject matter jurisdiction.

Federal courts are limited in the exercise of their judicial power to "cases" or "controversies." U.S. CONST. art III, § 2. A justiciable case or controversy does not include a dispute of a hypothetical or abstract character. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937). The case must be definite and

concrete. *Id.* That is, it must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character. *Id.* at 241. Courts do not sit to decide hypothetical issues or to give advisory opinions. *Princeton Univ. v. Schmid*, 455 U.S. 100, 102, 102 S.Ct. 867, 70 L.Ed.2d 855 (1982).

In *Woodford v. Garceau*, 538 U.S. 202, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003), petitioner Garceau had been sentenced to death for first-degree murder in California, and in 1993 the California Supreme Court upheld his conviction and death sentence. In May 1995, Garceau filed a motion for the appointment of counsel and an application for stay of execution in the Eastern District of California. The District Court granted a temporary stay and, late in June of 1995, appointed counsel for Garceau and extended the stay two further times. Garceau filed his actual petition on July 2, 1996. *See id.* at 204-05.

The central issue in *Garceau* was whether the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, applied to Garceau's habeas claims. The high court previously held in *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), that the AEDPA amendments do not apply to cases that were "pending" in federal court on April 24, 1996, the date on which AEDPA became effective. On the one hand, Garceau had filed documents in federal court *before* that date, namely his stay application and his motion for appointment of counsel, both of which the District Court granted. On the other hand, he did not file his petition itself until *after* AEDPA's effective date. The District Court, applying the Ninth Circuit's then-recent ruling in *Calderon v. United States District Court (Kelly)*, 163 F. 3d 530, 540 (9th Cir. 1998) (en banc), held that pre-AEDPA law governed, but that Garceau did not merit habeas relief anyway. The Ninth Circuit agreed that pre-AEDPA law governed pursuant to *Kelly* but reversed, holding that Garceau merited relief under that law.

The Supreme Court reversed, explaining, in essence, that no § 2254 habeas petition is "pending" – at least for *Lindh* purposes – until it is filed, and that a pre-petition stay application or motion to appoint counsel will not suffice. 538 U.S. at 206-207. In

doing so, the high court distinguished *McFarland v. Scott*, 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994), which held that a death-row inmate's motion for appointment of counsel under 18 U.S.C. § 848(q)(4)(B) conferred subject matter jurisdiction upon the district court to grant the inmate's concurrently-requested stay of execution under 21 U.S.C. § 2251:

> To begin with, *McFarland* involved the interpretation of § 2251[,] [which authorizes stays of state proceedings, including executions, prior to final disposition of a pending habeas action], not § 2254, which is at issue here. And, as the Courts of Appeals have recognized . . . *McFarland* must be understood in light of the Court's concern to protect the right to counsel in 18 U.S.C. § 848(q)(4)(B).

538 U.S. at 208-09.

Although its holding technically is limited to "purposes of applying the rule announced in *Lindh*," *id.*, *Garceau* strongly suggests that no case or controversy arises, for Article III jurisdiction purposes, upon the filing of a mere pre-petition stay request – with the important exception of death-row inmates who seek a pre-petition stay of execution and move for appointment of counsel, as authorized by a particular statute, to aid in petition preparation.

Here, the would-be petitioner apparently is not facing execution, and he thus does not have the statutory right to counsel enjoyed by petitioners condemned to death. Accordingly, no action or proceeding is pending, and dismissal is required. *See generally Ford v. Warden*, No. CV 08-4304 CAS (E), 2008 WL 2676842 (C.D. Cal. July 7, 2008) (collecting cases). Even before the Supreme Court's *Garceau* decision, moreover, lower federal courts consistently denied the type of relief that the would-be Petitioner seeks. In general, the courts have declined to toll a statute of limitations with respect to claims not yet filed. *See, e.g., United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986). More

specifically, the courts have refused to toll the one-year limitations period on habeas petitions and § 2255 motions prior to filing of the actual petition or motion in non-capital cases. *See, e.g., United States v. Leon*, 203 F.3d 162 (2d Cir. 2000).

The Court passes no judgment at this time on whether the would-be petitioner will face a statute of limitations barrier at all, or, if he does face one, whether he will be able to surmount that obstacle through tolling or other means. The Court decides today only that it is currently without power to grant him the extension he seeks, because his request has not been presented in the context of an existing case or controversy.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Accordingly, the reference to the United States Magistrate Judge is withdrawn. The Court DENIES the request for an extension of time and DISMISSES the action without prejudice for lack of jurisdiction.

IT IS SO ORDERED.

DATED: March 23, 2012

*[signature: Spencer Letts]*

J. SPENCER LETTS
UNITED STATES DISTRICT JUDGE